Edward R. Nelson III (*Pro Hac Vice to be submitted*)
Texas Bar No. 00797142
Christopher G. Granaghan (*Pro Hac Vice to be submitted*)
Texas Bar No. 24078585
Carder W. Brooks (*Pro Hac Vice to be submitted*)
Texas Bar No. 24105536
Jinming Zhang (*Pro Hac Vice to be submitted*)
Virginia Bar. No. 96210
ed@nelbum.com
chris@nelbum.com
carder@nelbum.com
jinming@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
HATCH LAW, PC
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328

**Attorneys for Plaintiff**
**ECOSAFE PACKAGING, LLC**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ECOSAFE PACKAGING, LLC,<br>*Plaintiff*,<br>v.<br>INTERNATIONAL SOURCING & MANUFACTURING D/B/A THE PACKAGING COMPANY,<br>*Defendant*. | CASE NO. 2:26-cv-10671<br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff EcoSafe Packaging, LLC ("EcoSafe") files this Complaint against International Sourcing & Manufacturing d/b/a The Packaging Company ("TPC") for infringement of U.S. Patent No. 12,600,538 ("the '538 patent").

**THE PARTIES**

1. Plaintiff EcoSafe is a limited liability company organized under the laws of Texas with its principal place of business at 6900 Dallas Parkway, Floor 3, Plano, Texas 75024.

2. On information and belief, Defendant TPC is a company organized under the laws of California, and its headquarters is located in this District at 2310 East 4th Street, Long Beach, California 90814. TPC may be served with process through its registered agent, Edward M. Salemi, at 2310 East 4th Street, Long Beach, California 90814.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq*., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over patent actions).

4. TPC is subject to personal jurisdiction in this Court due at least to its substantial business in this State and District, including: (1) its organization under the laws of this State and its headquarters in this District, (2) its performance of infringing acts in this State and District; and (3) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to residents of this State and District.

5. Specifically, TPC develops, designs, makes, distributes, markets, offers to sell, sells, and/or imports infringing products within, and to, the United States, the State of

California, and this District via its sole physical location in Long Beach, California.[1]

6. Such infringing products (collectively, the "Accused Products") include, but are not limited to, TPC's "CR Round Tin Jars,"[2,3] "Child-Resistant Tin Jars,"[4] "Child-Resistant Aluminum Tubes,"[5] "Child-Resistant Glass Tubes with Aluminum Cap,"[6] and "Child-Resistant Aluminum Jars,"[7] as well as any and all similar child resistant containers. The Accused Products have been, and continue to be, distributed to, and throughout, this District at least in connection with TPC's website (thepkgco.com) and its Long Beach, California location. TPC's infringing activities have caused harm to EcoSafe in this District.

7. TPC has admitted that this Court may exercise personal jurisdiction over TPC,

---

[1] *See* The Packaging Company LinkedIn, https://www.linkedin.com/company/the-packaging-company/about/ (last accessed September 17, 2026); About The Packaging Company, https://www.thepkgco.com/about/ (last accessed September 17, 2026).

[2] *See* CR Round Tin Jar, https://web.archive.org/web/20250908125952/https://www.thepkgco.com/product/cr-round-tin-jar/ (last accessed September 17, 2026).

[3] Since the filing of EcoSafe's original complaint in the case of *EcoSafe Packaging LLC v. International Manufacturing & Sourcing d/b/a The Packaging Company*, Civil No. 2:25-cv-10236-SRM-MAR (C.D. Cal.) on October 24, 2025, TPC has removed the webpage for CR Round Tin Jars from its website.

[4] *See* Child Resistant Tin Jar, https://www.thepkgco.com/product/cr-tin-jar/ (last accessed September 17, 2026).

[5] *See* Child-Resistant Aluminum Tube – Single, https://www.thepkgco.com/product/aluminum-pre-roll-tube/ (last accessed September 17, 2026); Child-Resistant Aluminum Tube – Multipack, https://www.thepkgco.com/product/aluminum-pre-roll-tube-multi-pack/ (last accessed September 17, 2026).

[6] *See* Child-Resistant Glass Tube with Aluminum Cap, https://www.thepkgco.com/product/cr-glass-tube-aluminum-cap/ (last accessed September 17, 2026).

[7] *See* Child-Resistant Aluminum Jar, https://www.thepkgco.com/product/child-resistant-aluminum-jar/ (last accessed September 17, 2026).

and that this federal judicial district is a proper venue for patent infringement actions against it in *EcoSafe Packaging LLC v. International Manufacturing & Sourcing d/b/a The Packaging Company*, Civil No. 2:25-cv-10236-SRM-MAR (C.D. Cal.).

8. Venue is proper in this District under 28 U.S.C. § 1400(b). TPC resides in this District, has committed acts of infringement in this District, and maintains a regular and established place of business in this District.

**THE PATENT-IN-SUIT**

9. EcoSafe is the exclusive licensee of, and has all substantial rights to, the ’538 patent and holds the exclusive right to take all actions necessary to enforce its rights in and to the ’538 patent, including the filing of this patent infringement action. EcoSafe also has the right to recover all damages for past, present, and future infringements of the ’538 patent and to seek injunctive relief as appropriate under the law.

10. The ’538 patent is entitled “Child Resistant Container.” The ’538 patent lawfully issued April 14, 2026 and stems from U.S. Pat. App. No. 19/310,459, filed on August 26, 2025, which is a continuation of U.S. Pat. App. No. 18/953,022 filed on November 19, 2024, which is a continuation-in-part of U.S. Pat. App. No. 17/983,380, filed on November 8, 2022, U.S. Pat. App. No. 16/726,152 filed December 23, 2019, U.S. Pat. App. No. 16/381,904 filed on April 11, 2019, U.S. Pat. App. No. 16/011,267 filed on June 18, 2018, and U.S. Pat. App. No. 15/951,482 filed on April 12, 2018. A copy of the ’538 patent is attached hereto as Exhibit 1.

**TPC’S KNOWLEDGE OF ITS INFRINGEMENTS**

11. The ’538 patent was invented and developed by Nicholas Karll, owner of Eco Packaging Solutions, a California company in the business of providing sustainable packaging for the cannabis industry. Eco Packaging Solutions is a licensee to the patent-in-suit. Under its brand, “Tin Canna,” Eco Packaging Solutions markets a “Patented 100% Recyclable Single Source Child Resistant Solution” that is covered by, and marked with,

the ’538 patent.[8] Plaintiff EcoSafe has taken reasonable steps to ensure Eco Packaging Solutions’ compliance with § 287(a) and has otherwise complied with the marking requirements of 35 U.S.C. § 287(a).

12. In early-to-mid 2023, personnel for Eco Packaging Solutions encountered TPC’s Michael Salemi at a conference and informed him that TPC’s child-resistant round tins infringed U.S. Patent Nos. 10,513,375 (the “’375 Patent”), 11,040,808 (the “’808 Patent”), and 11,492,182 (the “’182 Patent”). Thereafter, on July 6, 2023, Mr. Salemi sent a message to Eco Packaging Solutions via the contact form on its website, stating: “Interested in Licensing your patent.” Eco Packaging Solutions responded on July 7, 2023 to schedule a time to discuss Mr. Salemi’s message. Mr. Salemi responded that same day with his availability, and Eco Packaging Solutions messaged back on July 10, 2023 to finalize a meeting time. Mr. Salemi did not respond. Eco Packaging Solutions followed up with Mr. Salemi again on May 14, 2024 in an effort to engage in discussions. Again, TPC was silent. Nevertheless, TPC was aware in early-to-mid 2023 of the ’375 patent, the ’808 patent, and the ’182 patent, TPC’s infringements thereof, and its need for a license. At the very least, TPC demonstrated its awareness of the ’375 patent, the ’808 patent, and the ’182 patent and its infringements thereof on July 7, 2023 when TPC’s Mr. Salemi reached out to Eco Packaging Solutions about licensing.

13. EcoSafe filed an action against TPC in the Central District of California on October 24, 2025, alleging infringement of the ’375, ’808, and ’182 patents. *See EcoSafe Packaging, LLC v. International Sourcing & Manufacturing d/b/a The Packaging Company*, Civil No. 2:25-cv-10236-SRM-MAR, ECF 1 (C.D. Cal. Oct. 24, 2025). While the parties were awaiting entry of a scheduling order, EcoSafe contacted TPC’s counsel on April 27, 2026 to notify TPC of the ’538 patent, EcoSafe’s infringement allegations concerning that patent, and EcoSafe’s intent to amend its complaint to add the ’538 patent.

---

[8] *See* Tin Canna, https://tin-canna.com/; Patents, https://tin-canna.com/patents/ (last accessed September 17, 2026).

*Id.*, ECF 35 at 2-3 (C.D. Cal. May 21, 2026). Following additional email exchanges and meet-and-confer efforts, on May 14, 2026, EcoSafe provided TPC with a proposed amended complaint alleging infringement of the ’538 patent, an infringement claim chart detailing EcoSafe’s infringement allegations, and a proposed stipulation permitting amendment of EcoSafe’s complaint and infringement contentions. *Id.* TPC did not agree to the proposed stipulation, and EcoSafe thereafter filed its opposed Notice of Motion and Motion to Amend Complaint and Infringement Contentions on May 21, 2026, which the Court has not ruled upon. Nevertheless, TPC had knowledge of the ’538 patent and of EcoSafe’s infringement allegations since at least April 27, 2026. Alternatively, TPC had such knowledge no later than May 14, 2026, when EcoSafe provided its proposed amended complaint and infringement claim chart.

14. Despite notice to TPC, it has continued manufacturing and selling infringing products without authority.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 12,600,538**

15. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

16. EcoSafe is the exclusive licensee of the ’538 patent with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past, present, and future infringements.

17. The ’538 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

***Direct Infringement (35 U.S.C. § 271(a))***

18. TPC has directly infringed, and continues to directly infringe, one or more claims of the ’538 patent in this District and elsewhere in California and the United States.

19. Specifically, TPC has infringed and continues to infringe, either by itself or via its agents, at least claims 1, 2, 4, 6, 7, 9, 10, 14, 15, 19, 20, 21, and 22 of the ’538 patent by,

among other things, making, using, offering to sell, selling, and/or importing the Accused Products.

20. The Accused Products meet all limitations of claims 1, 2, 4, 6, 7, 9, 10, 14, 15, 19, 20, 21, and 22 of the ’538 patent, as detailed in Exhibit 2.

21. TPC is liable for its direct infringements of the ’538 patent pursuant to 35 U.S.C. § 271.

***Indirect Infringement (Inducement – 35 U.S.C. § 271(b))***

22. In addition to and/or in the alternative to its direct infringements, TPC has indirectly infringed and continues to indirectly infringe one or more claims of the ’538 patent by inducing direct infringement by its partners, distributors, customers, and end users.

23. TPC has had knowledge of the ’538 patent and EcoSafe’s allegations of infringement since at least April 27, 2026, when EcoSafe notified TPC of the ’538 patent and its alleged infringements thereof.

24. Despite having knowledge of the ’538 patent and its scope, TPC has specifically intended, and continues to specifically intend, for persons (such as TPC’s partners, distributors, customers, and end users) to offer for sale, sell, use and import the Accused Products, which infringe at least claims 1, 2, 4, 6, 7, 9, 10, 14, 15, 19, 20, 21, and 22 the ’538 patent, as set forth in Exhibit 2. For example, TPC provides its partners, distributors, and customers with the Accused Products for distribution and/or resale and instructs and encourages them to package their own goods in the Accused Products for sale to consumers.[9] TPC knew or should have known that its actions have induced, and continue to induce, such infringements.

***Indirect Infringement (Contributory – 35 U.S.C. § 271(c))***

25. In addition to and/or in the alternative to its direct infringements, TPC has

[9] E.g., Child Resistant Tin Jar, https://www.thepkgco.com/product/cr-tin-jar/ (last accessed September 17, 2026).

indirectly infringed and continues to indirectly infringe one or more claims of the ’538 patent by contributing to direct infringements by its partners, distributors, customers, and end users.

26. TPC has had knowledge of the ’538 patent and EcoSafe’s allegations of infringement since at least April 27, 2026, when EcoSafe notified TPC of the ’538 patent and its alleged infringements thereof.

27. Despite having knowledge of the ’538 patent and its scope, TPC has offered for sale, sold, and/or imported into the United States Accused Products that constitute the material part of the inventions claimed in the ’538 patent, including at least claims 1, 2, 4, 6, 7, 9, 10, 14, 15, 19, 20, 21, and 22, as set forth in Exhibit 2. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

28. With knowledge of the ’538 patent and the infringing nature of the Accused Products, TPC has supplied, and continues to supply, Accused Products to its partners, distributors, customers, and end users for use in practicing the claimed inventions of the ’538 patent. For example, TPC supplies its partners, distributors, and customers with Accused Products for distribution and/or resale and instructs and encourages them to package goods in the Accused Products in a manner that practices the asserted claims, as set forth in Exhibit 2.[10] TPC knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the ’538 patent and that the Accused Products are not suitable for substantial non-infringing use.

***Damages***

29. EcoSafe has been damaged by TPC’s infringing conduct described in this Count. TPC is, thus, liable to EcoSafe in an amount that adequately compensates it for TPC’s infringements, which, by law, cannot be less than a reasonable royalty, together with

---

[10] E.g., Child Resistant Tin Jar, https://www.thepkgco.com/product/cr-tin-jar/ (last accessed September 17, 2026).

interest and costs as fixed by this Court under 35 U.S.C. § 284.

30. Despite having knowledge of the ’538 patent, and knowledge that it is directly and/or indirectly infringing claims of the ’538 patent, TPC has nevertheless continued its infringing conduct in an egregious manner. TPC knew of the ’538 patent and its scope, yet continued to use, manufacture, import, offer for sale and sell infringing products. At the very least, TPC has been willfully blind to the ’538 patent and its application to the Accused Products. For at least these reasons, TPC’s infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe’s rights with respect to the ’538 patent, justifying enhanced damages under 35 U.S.C. § 284.

## DEMAND FOR A JURY TRIAL

EcoSafe demands a trial by jury on all issues triable to a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

EcoSafe respectfully requests that this Court enter judgment in its favor and grant the following relief:

(i) Judgment and Order that TPC has directly and/or indirectly infringed one or more claims of the patent-in-suit;

(ii) Judgment and Order that TPC must pay EcoSafe past and future damages under 35 U.S.C. § 284, including supplemental damages arising from any continuing, post-verdict infringements for the time between trial and entry of the final judgment, together with an accounting, as needed, under 35 U.S.C. § 284;

(iii) Judgment and Order that TPC must pay EcoSafe reasonable ongoing royalties after Final Judgment;

(iv) Judgment and Order that TPC’s infringements of the patent-in-suit have been willful from the time TPC became aware of the infringing nature of its products, and that the Court award treble damages pursuant to 35 U.S.C. § 284;

(v) Judgment and Order that TPC must pay EcoSafe pre-judgment and post-judgment interest on the damages award;

(vi) Judgment and Order that TPC must pay EcoSafe's costs;

(vii) Judgment and Order that the Court find this case exceptional under the provisions of 35 U.S.C. § 285 and, accordingly, order TPC to pay EcoSafe's attorneys' fees; and

(viii) Such other and further relief as the Court may deem just and proper.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Ryan E. Hatch*

Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
HATCH LAW, PC
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328

Edward R. Nelson III (*Pro Hac Vice to be submitted*)
Texas Bar No. 00797142
Christopher G. Granaghan (*Pro Hac Vice to be submitted*)
Texas Bar No. 24078585
Carder W. Brooks (*Pro Hac Vice to be submitted*)
Texas Bar No. 24105536
Jinming Zhang (*Pro Hac Vice to be submitted*)
Virginia Bar. No. 96210
ed@nelbum.com
chris@nelbum.com
carder@nelbum.com
jinming@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

**Attorneys for Plaintiff**
**ECOSAFE PACKAGING, LLC**